**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4567-18

VIKTORIYA USACHENOK,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY
DEPARTMENT OF THE
TREASURY, JOHN MAYO,
BULISA SANDERS and
DEIRDRE WEBSTER COBB,

    Defendants-Respondents.

_____

Submitted November 4, 2021 – Decided February 28, 2022

Before Judges Fuentes, Gilson, and Gummer.

On appeal from an order, pursuant to a transfer from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1577-17.

Smith Eibeler, LLC, attorneys for appellant (Christopher J. Eibeler, Lisa A. Hernandez and Mary H. Smith, on the briefs).

Andrew J. Bruck, Acting Attorney General, attorney for respondents State of New Jersey Department of the

Treasury, Bulisa Sanders, and Deirdre Webster Cobb (Donna Arons, Assistant Attorney General, of counsel; Adam Robert Gibbons, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Viktoriya Usachenok, a former Department of the Treasury employee, challenges the facial validity of paragraph (j) of N.J.A.C. 4A:7-3.1, a regulation prohibiting discrimination and harassment in public employment and governing the investigation of complaints about that conduct.

When plaintiff filed this action, the challenged paragraph required anyone interviewed during an investigation "be directed not to discuss any aspect of the investigation with others" and provided that failure to comply with that confidentiality directive could result in disciplinary action. During the pendency of this action, the Civil Service Commission (CSC) amended the regulation to state that investigators would "request" confidentiality and to remove the threat of disciplinary action for non-compliance. Despite the amendment, plaintiff maintains N.J.A.C. 4A:7-3.1(j), even in its present form, impermissibly restricts speech and is facially unconstitutional. Unpersuaded, we reject plaintiff's challenge to N.J.A.C. 4A:7-3.1(j).

On or about May 26, 2016, plaintiff filed an internal complaint with the Equal Employment Opportunity and Affirmative Action (EEO/AA) office in the Department of the Treasury, alleging defendant John Mayo, who was plaintiff's supervisor, had sexually harassed her and subjected her to a hostile work environment. At that time, N.J.A.C. 4A:7-3.1(j) included a confidentiality directive, underscored below:

> All complaints and investigations shall be handled, to the extent possible, in a manner that will protect the privacy interests of those involved. To the extent practical and appropriate under the circumstances, confidentiality shall be maintained throughout the investigative process. In the course of an investigation, it may be necessary to discuss the claims with the person(s) against whom the complaint was filed and other persons who may have relevant knowledge or who have a legitimate need to know about the matter. All persons interviewed, including witnesses, shall be directed not to discuss any aspect of the investigation with others in light of the important privacy interests of all concerned. Failure to comply with this confidentiality directive may result in administrative and/or disciplinary action, up to and including termination of employment.
>
> [N.J.A.C. 4A:7-3.1(j) (2016) (emphasis added).]

Consistent with N.J.A.C. 4A:7-3.1(j) as it then existed, defendant Bulisa Sanders, the EEO/AA investigator assigned to plaintiff's complaint, advised

plaintiff of the confidentiality directive and that she could be disciplined, up to and including termination, if she disclosed any aspect of the investigation to anyone. Plaintiff was instructed to execute a form in which she acknowledged the confidentiality directive. Sanders also told other individuals interviewed as part of her investigation about the confidentiality directive and possible disciplinary action for a violation of the directive and had them sign acknowledgment forms.

On July 21, 2017, plaintiff filed a lawsuit against the Department of the Treasury, Mayo, Sanders, and another employee, alleging, among other things, a hostile work environment, retaliation, and discrimination in violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, and violations of the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2. On October 29, 2018, plaintiff filed an order to show cause, seeking an order declaring the confidentiality directive of paragraph (j) null and void and enjoining the application of the directive. The following day, she filed a motion for leave to amend the complaint to add a count seeking a judgment declaring N.J.A.C. 4A:7-3.1(j) null and void.

In a decision placed on the record, the trial court denied plaintiff's request for preliminary restraints enjoining the use and enforcement of the

confidentiality directive of paragraph (j) but, with no objection from the State, ordered witnesses in this case be told they were not precluded from answering discovery or participating in depositions. The trial court granted plaintiff's motion for leave to amend her complaint. Plaintiff subsequently filed a second and third amended complaint.

Pursuant to Rules 1:13-4 and 2:2-3(a), the State moved to transfer to us the seventh count of the third amended complaint, in which plaintiff sought declaratory relief concerning N.J.A.C. 4A:7-3.1(j), arguing the Law Division did not have jurisdiction to decide a challenge to the validity of a rule promulgated by a state agency. The trial court granted that motion. Plaintiff subsequently filed a fourth amended complaint.

The parties included in the appellate record a copy of only the fourth amended complaint and did not include copies of the previous pleadings. We understand from the parties' submissions that the declaratory-judgment relief requested in the seventh count of the third amended complaint is now set forth in the sixth count of the fourth amended complaint. In that count, pursuant to the Declaratory Judgment Act, N.J.S.A. 2A:16-50 to -62, plaintiff seeks a judgment declaring the confidentiality directive of N.J.A.C. 4A:7-3.1(j) to be null and void as contrary to law, specifically the LAD, and public policy.

5

On August 19, 2019, the CSC proposed to amend N.J.A.C. 4A:7-3.1(j). Under the proposed amendment, instead of telling interviewees they had to maintain confidentiality or be subject to disciplinary action, EEO/AA investigators would "request, rather than direct, employees to keep all aspects of an investigation confidential . . . ." 51 N.J.R. 1311(a) (Aug. 19, 2019). In addition, the proposed amendment would eliminate the final sentence in paragraph (j), regarding the imposition of disciplinary action for violating confidentiality. Ibid. Pursuant to these revisions, EEO/AA investigators would explain to people interviewed during an investigation "why it is important not to disclose any aspect of the investigation to other persons without a legitimate and substantial business justification." Ibid. According to the CSC, "[t]he purpose of this subsection is to ensure the personal and/or privacy interests of the complainant and/or witnesses are not thwarted during the investigative process and to maintain the integrity of the investigation." Ibid. In proposing the amended regulation, the CSC explained confidentiality requests would still "highlight the importance of confidentiality during the investigative process[,]" but eliminating N.J.A.C. 4A:7-3.1(j)'s penalty provision would avoid "a chilling effect on potential claimants." Ibid. We subsequently stayed these proceedings

"to allow sufficient time for the process of the adoption of an amended regulation to be completed."

The CSC adopted the amended version of N.J.A.C. 4A:7-3.1(j) on March 12, 2020, effective April 20, 2020. Paragraph (j) now provides:

> All complaints and investigations shall be handled, to the extent possible, in a manner that will protect the privacy interests of those involved. To the extent practical and appropriate under the circumstances, confidentiality shall be maintained throughout the investigative process. In the course of an investigation, it may be necessary to discuss the claims with the person(s) against whom the complaint was filed and other persons who may have relevant knowledge or who have a legitimate need to know about the matter. In order to protect the integrity of the investigation, minimize the risk of retaliation against the individuals participating in the investigative process, and protect the important privacy interests of all concerned, the EEO/AA Officer/investigator shall request that all persons interviewed, including witnesses, not discuss any aspect of the investigation with others, unless there is a legitimate business reason to disclose such information.

> [N.J.A.C. 4A:7-3.1(j) (emphasis added).]

The revised version of the regulation omits the language in the former version requiring interviewees to "be directed not to discuss any aspect of the investigation with others" and imposing "administrative and/or disciplinary action, up to and including termination of employment" for "[f]ailure to comply

with this confidentiality directive . . . ." Compare N.J.A.C. 4A:7-3.1(j), with N.J.A.C. 4A:7-3.1(j) (2016).

On July 14, 2020, the State moved to dismiss plaintiff's appeal, contending the recent amendment to N.J.A.C. 4A:7-3.1(j) rendered the appeal moot. Plaintiff opposed the motion and cross-moved for attorney's fees and leave to amend the complaint if we granted the State's motion. We denied the motion and cross-motion.

Plaintiff contends the confidentiality language of N.J.A.C. 4A:7-3.1(j), even in its current form, creates an unconstitutional prior restraint of state employees' First Amendment right to freedom of speech and violates the legislative policies behind LAD, specifically LAD's provisions regarding retaliation, N.J.S.A. 10:5-12(d); contractual waivers, N.J.S.A. 10:5-12.7; and contractual non-disclosure clauses, N.J.S.A. 10:5-12.8; and the public policy behind the 2019 amendments to LAD. In response, defendants argue N.J.A.C. 4A:7-3.1(j) does not violate LAD or the policies behind it and is constitutional because it does not restrict speech and even if it has an incidental effect on speech, the State's interest in maintaining the integrity of EEO/AA investigations outweighs the minimal burden a request for confidentiality places on a state employee.

II.

Courts "must construe a regulation to render it constitutional if the regulation is reasonably susceptible to such a construction." Karins v. Atl. City, 152 N.J. 532, 546 (1998). "Regulations that 'come within the ambit of delegated authority' are presumed to be reasonable unless the party challenging them shows them to be 'arbitrary, capricious, unduly onerous or otherwise unreasonable.'" In re Amends. & New Reguls. at N.J.A.C. 7:27-27.1, 392 N.J. Super. 117, 133 (App. Div. 2007) (quoting N.J. Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 561 (1978)). We "defer to the interpretation of the agency charged with [a] statute's enforcement . . . 'as long as it is not plainly unreasonable.'" Ibid. (quoting Koch v. Dir., Div. of Tax'n, 157 N.J. 1, 8 (1999)). "'[A]n administrative agency may not, under the guise of interpretation, extend a statute to give it a greater effect than its language permits,' so 'regulations that flout the statutory language and undermine the intent of the Legislature' are invalid." Ibid. (quoting GE Solid State, Inc. v. Dir., Div. of Tax'n, 132 N.J. 298, 306-07 (1993)).

When interpreting a regulation, we follow "the principles of statutory interpretation." Ibid. Just as when we interpret a statute, our goal when we interpret a regulation is to determine the intent behind its creation. See

DiProspero v. Penn, 183 N.J. 477, 492 (2005). To achieve that goal, we "start with the words" of the regulation, Simadiris v. Paterson Pub. Sch. Dist., 466 N.J. Super. 40, 45 (App. Div. 2021), and give them "their ordinary meaning and significance," DiProspero, 183 N.J. at 492.

Applying those principles to the language of the revised regulation, we discern no constitutional infirmity. We recognize "[t]he word 'request' . . . may be used as a command or an entreaty depending upon the context in which the word is inserted, and the circumstances attendant upon its use." Marx v. Rice, 1 N.J. 574, 582 (1949). Here, context demonstrates the term "request," as used in paragraph (j), is exactly that – a request and not a command – and does not create a confidentiality requirement. In fact, we know, as expressed by the CSC, the intent behind the amended regulation was to eliminate a confidentiality requirement and its potential chilling effect rather than create one. If the CSC intended to create or maintain a confidentiality requirement, it could have left unamended the language in the prior version of the regulation, "direct[ing]" people not to discuss any aspect of an investigation under threat of administrative or disciplinary action. Instead, it removed that language in its entirety and replaced it with a permissive "request." The amended paragraph (j)

reflects, at most, an "attempt[] to convince" and not an "attempt[] to coerce." Okwedy v. Molinari, 333 F.3d 339, 344 (2d Cir. 2003).

Plaintiff's focus on the phrase "unless there is a legitimate business reason to disclose such information" in the amended regulation is misplaced, and her reading of its language is incorrect. Instead of creating mandatory confidentiality, that phrase merely removes from the request for confidentiality disclosures supported by legitimate business reasons. The request remains a request.

Acknowledging the CSC removed the threat of administrative or disciplinary action from paragraph (j), plaintiff now focuses on paragraph (k), which was not amended, and contends it imposes sanctions for a breach of confidentiality. Paragraph (k) provides:

> Any employee found to have violated any portion or portions of this policy may be subject to appropriate administrative and/or disciplinary action which may include, but which shall not be limited to: referral for training, referral for counseling, written or verbal reprimand, suspension, reassignment, demotion, or termination of employment. Referral to another appropriate authority for review for possible violation of State and Federal statutes may also be appropriate.
>
> [N.J.A.C. 4A:7-3.1(k).]

A-4567-18

Plaintiff did not mention paragraph (k) in her amended complaint. Even if she had, paragraph (k) does not have the effect she now argues it has.

Reading the regulation as a whole, "this policy" in paragraph (k) clearly refers to the State's policy of providing "a work environment free from prohibited discrimination or harassment." N.J.A.C. 4A:7-3.1(a). The regulation identifies actions constituting violations of that policy. See, e.g., N.J.A.C. 4A:7-3.1(a)(3) ("It is a violation of this policy to engage in any employment practice or procedure that treats an individual less favorably based upon any of the protected categories referred to in (a) above."); N.J.A.C. 4A:7-3.1(b) ("It is a violation of this policy to use derogatory or demeaning references regarding a person's race, gender, age, religion, disability, affectional or sexual orientation, ethnic background, or any other protected category set forth in (a) above."); N.J.A.C. 4A:7-3.1(c) ("It is a violation of this policy to engage in sexual (or gender-based) harassment of any kind, including hostile work environment harassment, quid pro quo harassment, or same-sex harassment."). The regulation also identifies prohibitive behaviors. See, e.g., N.J.A.C. 4A:7-3.1(c)(2) (providing examples of behaviors that may constitute sexual harassment); N.J.A.C. 4A:7-3.1(h) (identifying retaliation against someone who alleges discrimination or harassment, provides information in a discrimination

A-4567-18

or harassment investigation, or opposes a discriminatory practice, as being "prohibited by this policy").

Not following the request for confidentiality in amended paragraph (j) is not identified as either a violation of the policy or a prohibited behavior. And given its permissive and not mandatory nature, as we determined above, it could not be deemed to be a policy violation under paragraph (k). Even considering plaintiff's arguments regarding paragraph (k), the plain language of the amended paragraph (j) does not restrict speech and does not constitute an improper prior restraint of speech.

We also find unpersuasive plaintiff's argument that the amended regulation violates the legislative or public polices behind LAD. We discern no conflict between the amended regulation and LAD. The amended regulation's request for confidentiality is not a retaliatory act under N.J.S.A. 10:5-12(d), a waiver of a substantive right in an employment contract under N.J.S.A. 10:5-12.7, or a required non-disclosure clause in an employment contract or settlement agreement under N.J.S.A. 10:5-12.8. It is exactly what the CSC says it is: a request for confidentiality made in an effort to "ensure the personal and/or privacy interests of the complainant and/or witnesses . . . maintain the integrity of the investigation."

Rather than violating the policies behind LAD, the amended regulation supports them. Our Supreme Court has recognized "confidentiality is an important component of any policy designed to maximize reporting of alleged sexual harassment and to ensure the accuracy of ensuing investigations into such allegations." Payton v. N.J. Tpk. Auth., 148 N.J. 524, 541 (1997). See also Chai R. Feldblum & Victoria A. Lipnic, Select Task Force on the Study of Harassment in the Workplace 43 (June 2016), https://www.eeoc.gov/sites/default/files/migrated_files/eeoc/task_force/harassment/report.pdf (recommending "[i]nvestigations should be kept as confidential as possible, recognizing that complete confidentiality or anonymity will not always be attainable"). It is also generally accepted that confidentiality is important to the integrity of ongoing investigations of all kinds. See, e.g., N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 551 (2017) ("[T]hat the danger to an ongoing investigation would typically weigh against disclosure of detailed witness statements and investigative reports while the investigation is underway, under both [the Open Public Records Act] and the common law.").

A victim of sexual harassment must be protected from potential retaliation. That protection can be possible only through an investigative process that promotes an environment of trust. The system must also treat a

person accused of misconduct in a fair and impartial manner. A request for confidentiality promotes a fair investigatory process that protects both the accuser and the accused while respecting the free-speech rights of all participating in an investigation.

We reject and dismiss plaintiff's challenge to the validity of N.J.A.C. 4A:7-3.1(j). We hold that the current version of the regulation is enforceable. We remand with instructions the trial court enter an order dismissing with prejudice the count of the complaint in which plaintiff challenged N.J.A.C. 4A:7-3.1 (j). We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4567-18